FRANCIS ROWE, PROSECUTOR, v. THE COMMISSIONERS OF ASSESSMENTS OF EAST ORANGE.

Argued November 11, 1902—Decided August 3, 1903.

1. The act of March 22d, 1899, entitled "An act for the incorporation of cities, and providing for their officers, government and powers" (*Pamph. L., p.* 283), as amended by the act of March 20th, 1901 (*Pamph. L., p.* 142), afforded a constitutional authority for the action in opening the street under the act as amended.
2. That one of the commissioners was a brother-in-law of a person whose property was not assessed, and that another commissioner had as a real estate agent had transactions with or for an interested railroad company, did not disqualify either of them upon the ground of interest.
3. Prosecutor cannot now object that his petition for the improvement was informal or lacking in particularity or that the notice was not that provided by the statute, in view of the fact that he got notice, appeared in person and made his objections and had them argued by counsel.

On *certiorari.*

Before Justices GARRISON and GARRETSON.

For the prosecutor, *George E. Clymer.*

For the defendants, *Philemon Woodruff.*

PER CURIAM.

The prosecutor seeks to set aside an assessment for benefits for the opening of a proposed street in East Orange, known as the extension of Hollywood avenue.

We think that the act of March 24th, 1899, as amended by the act of March 20th, 1901, afforded a constitutional authority for the action that was taken under the act as amended.

That one of the commissioners was a brother-in-law of a person whose property was not assessed, and that another com-

missioner had as a real estate agent had transactions with or for the Delaware, Lackawanna and Western Railroad Company, do not disqualify either of them upon the ground of interest.

The prosecutor cannot now be heard to object that his own petition for this improvement was informal or lacking in due particularity, neither can he successfully resist his assessment because of the precariousness of the kind of notice provided for by the statute, in view of the fact that he got notice and appeared in person and made his objections and had them argued by legal counsel.

The objections to the commissioners upon the ground that they hold official positions, and to their allowances and expenses as being unwarranted and unnecessary, are without merit.

The prosecutor's claim that he is assessed for too great an amount, and that others are assessed for too little or not at all, and that an erroneous and illegal method of assessment was pursued by the commissioners, all fail because unsupported by the facts as we find them from the testimony taken under a rule in this proceeding.

Finding no valid reason for disturbing the assessment against the prosecutor's property, the same is affirmed, with costs.